**Jason C. Hegt**
+1.212.906.1686
Jason.Hegt@lw.com

LATHAM & WATKINS LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 8/06/2026

Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

August 5, 2026

**VIA ECF & FEDEX**

The Honorable Nelson S. Román
U.S. District Judge for the Southern District of New York
The Hon. Charles L. Brient Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: *Dundon v. De Silva, et al.*, Docket No. 24-cv-07464-NSR
Letter Motion to Seal Motion to Dismiss Briefing

Dear Judge Román:

MEMO ENDORSED

*See* Pg. 3

Pursuant to Rule 4.A of Your Honor's Individual Rules of Practice in Civil Cases and Section 6.1 of the Electronic Case Filing Rules for the U.S. District Court for the Southern District of New York, Defendants Rajiv De Silva, Douglas Ingram, Arthur Higgins, Nancy Hutson, Roger Kimmel, William Montague, Todd Sisitsky, Paul Campanelli, Suketu Upadhyay, Karen Wallace, Brian Lortie, Antonio Pera, and Joseph Barbarite (collectively, "Defendants") respectfully request the entry of an order (a) authorizing Defendants to file under seal Exhibits 8–11 and 25–30 attached to the Declaration of Meredith A. Cusick in Support of Defendants' Motion to Dismiss (the "Declaration"); (b) authorizing Defendants to redact any references to the titles or contents of the aforementioned exhibits in the publicly filed versions of the Memorandum of Law in Support of Defendants' Motion to Dismiss (the "Motion to Dismiss"), the Declaration, and the Request for Judicial Notice in Support of Defendants' Motion to Dismiss (the "RJN") and file the unredacted versions of the Motion to Dismiss, Declaration, and RJN under seal; and (c) directing that the unredacted versions of the Motion to Dismiss, Declaration, and RJN remain under seal and confidential until further order of the Court.

**Background.** Exhibits 8–11 and 25–30 were submitted by Defendants in support of their Motion to Dismiss and were all documents that Plaintiff produced to Defendants on the condition that they would remain confidential. The relevant exhibits are:

- Exhibit 8 – Endo_GUC_Trust_000202–000209;
- Exhibit 9 – Endo_GUC_Trust_000013–000058;
- Exhibit 10 – Endo_GUC_Trust_000119–000174;
- Exhibit 11 – Endo_GUC_Trust_000111–000118;

- Exhibit 25 – Endo_GUC_Trust_000175–000176;
- Exhibit 26 – Endo_GUC_Trust_000177–000178;
- Exhibit 27 – Endo_GUC_Trust_000101–000103;
- Exhibit 28 – Endo_GUC_Trust_000060;
- Exhibit 29 – Endo_GUC_Trust_003962–003967; and
- Exhibit 30 – Endo_GUC_Trust_003968–003975.

Defendants moved to seal these exhibits before the Bankruptcy Court in connection with the submission of Defendants' Motion to Dismiss and the Bankruptcy Court granted that request.[1] Because Plaintiff produced these documents to Defendants on the basis that they would remain confidential and because they appear to contain at least some information that Plaintiff has correctly concluded are sensitive, confidential, and/or proprietary information, Defendants request that the Court permit these documents to be filed under seal in the same manner as in the Bankruptcy Court.

**Legal Standard.** The common law right of public access to judicial documents is not absolute. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed . . ." and balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116-20 (2d Cir. 2006).

**Sealing is Warranted Here.** Sealing is appropriate here because there are four categories of sensitive information contained in these documents. *First*, Exhibits 8, 11, 27, and 28 contain non-public financial data and executive compensation metrics that, if revealed, would provide competitors and counterparties with insight into Endo's internal financial planning and compensation strategy. Courts in this district regularly seal documents containing sensitive business information such as "trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021); *see also CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents containing marketing strategies, product development, costs and budgeting information).

*Second*, Exhibits 8, 10, and 27 contain internal compliance, investigation, and regulatory-communication records, often with outside counsel, and disclosure of such content would compromise the confidentiality of these ongoing regulatory relationships and potentially chill future internal compliance reporting and analysis. *See EFT Services, LLC v. I-POS Systems LLC*, 2025 WL 1752144, at *4 (S.D.N.Y. June 25, 2025) (finding that the "interest in promoting companies to perform private internal audits or investigations" outweighs public right to access

[1] *In re Endo Int'l plc, et al.*, Adv. Pro. No. 24-7022 (DSJ) (Bankr. S.D.N.Y.) (ECF Nos. 24 and 25).

"the results of such audits"); *Lockwood v. Dunkirk City School Dist.*, 2024 WL 1832488, at *2 (W.D.N.Y. Apr. 26, 2024) (sealing documents related to an internal investigation because of "the potential chilling effect that disclosure might well have on future investigations").

*Third*, Exhibits 9, 25, 29, and 30 contain proprietary security, monitoring, and anti-diversion methodologies whose disclosures could harm the efficacy of those methodologies, by enabling bad actors to circumvent them. *See Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) (finding "prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access"); *see also Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024) (internal quotations omitted) (granting motion to seal where the documents at issue detailed defendants' anti-fraud practices and procedures because there was "a compelling interest in protecting the integrity and efficacy of [their] anti-fraud practices").

*Finally*, Exhibits 10 and 26 contain individually identifiable information tied to disciplinary/investigative matters, the disclosure of which would expose certain non-party individuals to reputational harm and embarrassment unrelated to the merits of this litigation. The Second Circuit has advised that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (citation omitted); *see also Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sep. 26, 2022) (sealing employee names in connection with a motion for summary judgment "to accommodate the privacy interests of third parties").

For the foregoing reasons, Defendants respectfully request that the Court permit Defendants to file Exhibits 8–11 and 25–30 under seal and further permit Defendants to redact references to the titles and contents of those exhibits in the publicly filed versions of the Motion to Dismiss, Declaration, and RJN, and file unredacted versions of those documents under seal.

Respectfully submitted,

/s/ Jason C. Hegt
Jason C. Hegt
of LATHAM & WATKINS LLP

*Counsel for Defendants Rajiv De Silva, Douglas S. Ingram, Arthur J. Higgins, Nancy J. Hutson, Roger H. Kimmel, William P. Montague, Todd B. Sisitsky, Jill D. Smith, William F. Spengler, Paul V. Campanelli, Suketu P. Upadhyay, Karen A. Wallace, Brian Lortie, Antonio R. Pera, and Joseph Barbarite*

**Defendants' motion to file Exhibits 8–11 and 25–30 under seal, to redact references to the titles and contents of those exhibits in the publicly filed versions of the Motion to Dismiss, Declaration, and RJN, and to file unredacted versions of those documents under seal is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 26.**

**Dated: August 6, 2026**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

cc: All Counsel of Record (via ECF)